## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| NASSAU MARITIME HOLDINGS DESIGNATED ACTIVITY COMPANY<br>Plaintiff<br><br>VERSUS<br><br>M/V PACIFIC SKY, her engines, tackle, appurtenances, etc., *in rem*, and PACIFIC SKY NAVIGATION LTD. *in personam*<br>Defendants | CIVIL ACTION<br><br>NO.<br><br>SECTION<br><br>MAGISTRATE |

## VERIFIED COMPLAINT

Plaintiff Nassau Maritime Holdings Designated Activity Company ("Nassau Maritime") files this Verified Complaint against the motor vessel PACIFIC SKY, her engines, tackle, apparel, etc., *in rem* (the "Vessel") and Pacific Sky Navigation Ltd. ("Pacific Sky Navigation"), *in personam*, and stating an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Nassau Maritime respectfully represents the following upon information and belief.

## JURISDICTION

1.     This is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court pursuant to 28 U.S.C. §1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This is an action to enforce a lien *in rem* against the M/V PACIFIC SKY (the "Vessel"), an ocean-going vessel, to arrest the property of Pacific Sky Navigation pursuant to a preferred ship

mortgage, and for judgment against Pacific Sky Navigation *in personam* under the mortgage held by Nassau Maritime. The Vessel is currently within this District.

2.      This claim is brought pursuant to and in accordance with the provisions of The Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31301, et seq., and under Supplemental Rule C of the Federal Rules of Civil Procedure.

## IDENTITY OF PARTIES

3.      At all material times, Plaintiff Nassau Maritime is and was an Irish company, with its registered office at Fleming Court, Fleming's Place, 3rd floor, Dublin 4, Ireland.

4.      At all material times, Defendant Pacific Sky Navigation is and was a Marshall Islands company with a registered office at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands MH96960.

5.      M/V PACIFIC SKY is a Marshall Islands flagged tanker of approximately 250 meters in length, 44 meters in breadth, with gross tonnage of 62,856, and IMO Number 9408554. At all relevant times, the Vessel has been engaged in international commerce and owned by Pacific Sky Navigation.

## BACKGROUND

6.      Pursuant to a Loan Agreement dated 15 May 2008 (the "Loan Agreement") between HSH Nordbank AG ("HSH Nordbank", operating subsequently as Hamburg Commercial Bank AG as described below) and Fair Seas Navigation Ltd., Nordic Bay Navigation Ltd., Pacific Sky Navigation Ltd., Lambert

Navigation Ltd., Northville Navigation Ltd., Providence Navigation Ltd., and Spencer Navigation Ltd. (collectively, "Borrowers"), HSH Nordbank made available to Borrowers a secured loan facility in the amount of $418,441,800.00 (the "Loan") to be divided into four tranches.

7.     A copy of the original Loan Agreement and the two addenda thereto are attached *in globo* as Exhibit 1.

8.     As security for its joint and several obligations under the Loan Agreement, Pacific Sky Navigation made certain covenants in a First Preferred Marshall Islands Mortgage entered into between HSH Nordbank and Pacific Sky Navigation dated 6 March 2009 (the "First Preferred Mortgage"). A copy of the First Preferred Mortgage is attached as Exhibit 2.

9.     In April 2019, HSH Nordbank began trading under the name Hamburg Commercial Bank AG. *See* United Kingdom Financial Services Register at https://register.fca.org.uk/ShPo_FirmDetailsPage?id=001b000000MfSqlAAF (last visited on 13 March 2020). A printout of the relevant portion of the Financial Services Register entry is attached for ease of reference as Exhibit 3.

10.     On 21 June 2019, Hamburg Commercial Bank AG assigned the First Preferred Mortgage to Promontoria Maritime Holding Designated Activity Company ("Promontoria Maritime"). The Assignment of First Preferred Mortgage is attached as Exhibit 4.

11.     Also on 21 June 2019, Hamburg Commercial Bank AG assigned all rights and obligations of Hamburg Commercial Bank AG arising from the Loan

Agreement to Promontoria Maritime. That Loan Assignment Agreement is attached as Exhibit 5.

12.    A Certificate of Incorporation on Change of Name dated 9 January 2020 and showing that Promontoria Maritime has changed its name to Nassau Maritime Holdings Designated Activity Company is attached as Exhibit 6.

13.    Plaintiff Nassau Maritime is therefore entitled to proceed as Mortgagee under the Loan Agreement and First Preferred Mortgage.

14.    As detailed in the First Preferred Mortgage and as security for, *inter alia*, Pacific Sky Navigation's obligations under the Loan Agreement, Pacific Sky Navigation registered with the Marshall Islands Registry the Mortgagee's security interest over the Vessel. A copy of the registration certificate of the First Preferred Mortgage is attached as Exhibit 7.

15.    The material terms of the Loan Agreement and First Preferred Mortgage include the following:

- Pacific Sky Navigation has undertaken jointly and severally to make repayment of the Loan in multiple tranches, *see* Loan Agreement at Sections 2, 3, and 6 and at Schedule 1; First Preferred Mortgage at Article 1 paragraph 1;

- All costs and expenses incurred by the Mortgagee in the enforcement of the Loan Agreement and/or the First Preferred Mortgage shall be borne by Borrowers, *see* Loan Agreement at Section 29.1;

- Failure to make any payment when due under the Loan Agreement shall constitute an Event of Default, *see* Loan Agreement at Sections 20.1 and 20.2;

- In the event of an Event of Default, the Mortgagee has the right to, among other things, foreclose the First Preferred Mortgage and bring legal action for recovery of the Loan, *see* First Preferred Mortgage at Article II paragraph 1(b)(ii), (iii);

- On the occurrence of an Event of Default described under the Loan Agreement and the First Preferred Mortgage, default interest shall continue to accrue on overdue sums until payment is made by Borrowers, *see* Loan Agreement at Section 8.4;

16.    In breach of the Loan Agreement and First Preferred Mortgage, Borrowers failed to make payment of Tranche 3.B when due under the Loan Agreement on 5 March 2019. This failure constitutes an Event of Default of the Loan Agreement.

17.    Also in breach of the Loan Agreement, Borrowers have failed to provide information relating to certain earnings as requested by the Lender in accordance with clause 18.2.7 of the Loan Agreement, and has failed to ensure that certain earnings be paid into the relevant Earnings Account in accordance with clause 19.1 of the Loan Agreement. These failures constitute further Events of Default under the Loan Agreement.

18.     On 12 March 2019, 10 April 2019, 13 September 2019, 14 October 2019, 9 March 2020, and 12 March 2020, Plaintiff and its predecessors in interest sent notices of default and reservations of rights to Borrowers. Copies of these notices of default and reservations of rights are attached *in globo* as Exhibit 8.

19.     Despite demand, Borrowers have failed to remedy the Events of Default.

20.     As of 5 March 2020, the amounts due under the Loan Agreement are $119,366,178.14 in principal and $4,867,472.32 in interest, plus applicable default interest and costs and expenses of enforcement.

21.     Accordingly, Plaintiff Nassau Maritime is entitled to exercise the rights afforded to it under the Loan Agreement and First Preferred Mortgage, including but not limited to the right to arrest the Vessel and foreclose on the First Preferred Mortgage to recover the amounts due to it.

22.     Nassau Maritime's claims are maritime claims within the meaning of Federal Rule of Civil Procedure 9(h) and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

23.     All conditions precedent have been or will be performed.

### FIRST CAUSE OF ACTION

#### Foreclosure of Maritime Lien *In Rem*

24.     Nassau Maritime repeats and realleges as if fully set forth herein the allegations set forth in Paragraphs 1-23 above.

25.     As a result of the above-described Events of Default, Pacific Sky Navigation has breached the terms and conditions of the Loan Agreement.

26.     Accordingly, Defendant Pacific Sky Navigation is liable under the Loan Agreement.

27.     Nassau Maritime has duly performed all of its obligations under the terms of the Loan Agreement.

28.     Nassau Maritime has incurred and will incur other and further costs, including attorneys' fees, in exercising its rights under the Loan Agreement, which are recoverable in accordance with the terms of the Loan Agreement. The Loan Agreement and First Preferred Mortgage, together with Defendant's liability for breach of the Loan Agreement, give rise to a maritime lien on the Vessel in the current amount of $119,366,178.14 in principal and $4,867,472.32 in interest, plus applicable default interest and costs and expenses of enforcement.

29.     Nassau Maritime is entitled to judgment *in rem* against the Vessel, and the immediate arrest thereof under Supplemental Rule C of the Federal Rules of Civil Procedure, to satisfy the above-described maritime lien.

30.     Nassau Maritime agrees to hold harmless and indemnify the U.S. Marshal and all his deputies from any liability as a result of seizing the Vessel.

## SECOND CAUSE OF ACTION

### Breach of Foreign Preferred Ship Mortgage

31.     Nassau Maritime repeats and realleges as if fully set forth herein the allegations set forth in Paragraphs 1-30 above.

32.    As a result of the above-described Events of Default under the Loan Agreement, Defendant Pacific Sky Navigation has breached the terms of the Mortgage, which is a foreign preferred ship mortgage in accordance with 46 U.S.C. § 31301(6)(B).

33.    By the terms and conditions of the Loan Agreement, Pacific Sky Navigation is indebted to Nassau Maritime for the sum of at least $119,366,178.14 in principal and $4,867,472.32 in interest, plus applicable default interest and costs and expenses of enforcement, with interest currently continuing to accrue.

34.    Plaintiff Nassau Maritime is entitled to judgment *in personam* against Defendant Pacific Sky Navigation in the amount of $119,366,178.14 in principal and $4,867,472.32 in interest, plus applicable default interest and costs and expenses of enforcement.

**WHEREFORE, PREMISES CONSIDERED,** Nassau Maritime respectfully requests:

A.  That process of arrest, in due form of law, according to the course and practice of this Honorable Court in causes of Admiralty and Maritime Jurisdiction within the meaning of the Constitution of the United States and Rule 9(h) of the Federal Rules of Civil Procedure, may issue against the Vessel M/V PACIFIC SKY and her engines, tackle, apparel, etc., and all other necessaries and equipment belonging and appurtenant thereto, as provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, and that all persons claiming any interest in the Vessel may be cited to appear and answer the matters aforesaid,

and that the Vessel, her engines, tackle, apparel, etc., and all other necessaries belonging and appurtenant thereto, may be seized, condemned, and sold to pay the demands and claims of Nassau Maritime, with interest, costs, and attorneys' fees, and to pay other amounts required to be paid by Pacific Sky Navigation to Nassau Maritime under the Loan Agreement, together with interest, costs, and attorneys' fees; and

B.   That the First Preferred Mortgage executed by Pacific Sky Navigation may be declared to be a valid and subsisting lien upon the Vessel, her engines, tackle, apparel, etc., and all other equipment and necessaries belonging and appurtenant thereto, which is prior and superior to the interest, liens, or claims of any and all persons, firms, or corporations whatsoever; and

C.   That it may be decreed that any and all persons, firms, and corporations claiming any interest in the Vessel are forever barred and foreclosed from all rights or equities for redemption or claim of, in or to the mortgaged Vessel, her engines, tackle, apparel, etc., and all other necessaries and equipment belonging and appurtenant thereto and every part thereof; and

D.   That this Honorable Court shall direct the manner in which actual notice of the commencement of this suit shall be given by Nassau Maritime to Defendant Pacific Sky Navigation or the individual in charge of the Vessel and to any person, firm, or corporation who has recorded a Notice of Claim of any discharged lien upon the Vessel as provided under the Commercial Instruments and Maritime Liens Act, 46 U.S.C. 31301, et seq. as amended; and

E.   That judgment be issued against the Vessel, M/V PACIFIC SKY *in rem* in the full amount then due under the Loan Agreement and the First Preferred Mortgage plus interest, charges, costs, and attorneys' fees, as well as any and all other amounts required to be paid by Pacific Sky Navigation to Nassau Maritime under the Loan Agreement with interest and costs, and that the Vessel be arrested under Supplemental Rule C of the Federal Rules of Civil Procedure to secure such claim, and further, that Nassau Maritime reserves the right to proceed against Pacific Sky Navigation and any other of the Borrowers for any deficiency that may remain due after applying the available proceeds of the sale of the mortgaged Vessel to the judgment herein; and

F.   That judgment be issued against Defendant M/V PACIFIC SKY and Defendant Pacific Sky Navigation, jointly and severally, in the full amount then due under the Loan Agreement and the First Preferred Mortgage, plus interest, together with interest, charges, costs, and attorneys' fees, and any and all other amounts required to be paid under the Loan Agreement and the First Preferred Mortgage; and

G. That Nassau Maritime have such other and further relief as in law or equity it may be entitled to recover.

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:    /s/ Kevin LaVie
              Kevin LaVie (#14125)
              Email: kevin.lavie@phelps.com
              Adam Davis (#35740)
              Email: adam.davis@phelps.comCanal Place
              365 Canal Street · Suite 2000
              New Orleans, Louisiana 70130-6534
              Telephone: (504) 566-1311
              Facsimile: (504) 568-9130
              -and-
              Marc G. Matthews (admission pro hac vice
              to be requested)
              Texas Bar No. 24055921
              500 Dallas Street, Suite 1300
              Houston, Texas 77002
              Telephone: (713) 626-1386
              Facsimile: (713) 626-1388
              **ATTORNEYS FOR PLAINTIFF**
              **NASSAU MARITIME HOLDINGS**
              **DESIGNATED ACTIVITY COMPANY**