UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **NASSAU MARITIME HOLDINGS** | * | **CASE NO. 2:20-cv-00355** |
| **DESIGNATED ACTIVITY COMPANY** | * | |
| | * | |
| **VERSUS** | * | **JUDGE JAMES D. CAIN, JR.** |
| | * | |
| **M/V PACIFIC SKY, her engines, tackle,** | * | **MAGISTRATE JUDGE KAY** |
| **appurtenances, etc.,** *in rem,* **and** | * | |
| **PACIFIC SKY NAVIGATION LTD,** | * | |
| *in personam* | * | |
| | * | |

*******************************************

## ANSWER TO VERIFIED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Pacific Sky Navigation Ltd. ("Pacific Sky"), solely as owner and claimant of the M/T PACIFIC SKY (the "Vessel"), *in rem*, and with a full reservation of all rights and defenses pursuant to Rule E(8) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and for answer to the Verified Complaint ("Complaint") of Nassau Maritime Holdings Designated Activity Company ("Nassau Maritime"), alleges and avers upon information and belief as follows:

### First Defense

Nassau Maritime fails to state a claim against the Vessel for which relief can be granted.

**Second Defense**

AND NOW, answering the specific allegations of Nassau Maritime's Complaint, Pacific Sky:

Denies Paragraph 1 of the Complaint, except Pacific Sky does not contest the Court's jurisdiction under 28 USC §1333 or venue in this judicial district;

States that Paragraph 2 does not state allegations of fact for which an answer is required;

Denies Paragraph 3 for lack of sufficient information or knowledge to justify a belief about the truth of the allegations of fact made therein;

Admits Paragraphs 4 and 5;

Denies Paragraph 6 as stated; the loan agreement is a written document which is the best evidence of its terms;

States that Paragraph 7 does not state allegations of fact for which an answer is required;

Denies Paragraph 8 as stated; the mortgage is a written document which is the best evidence of its terms;

Denies Paragraphs 9-12 for lack of sufficient information or knowledge to justify a belief about the truth of the allegations of fact made therein;

Denies Paragraph 13; the loan agreement is governed by German law and Pacific Sky contests that Nassau Maritime has a right to enforce the loan agreement under German law;

Denies Paragraph 14 as stated, except to admit that Pacific Sky registered a security interest over the Vessel with the Marshal Islands Maritime Office.

Denies Paragraph 15 as stated; the loan agreement and mortgage are written documents which are the best evidence of their terms;

Denies Paragraphs 16 and 17;

Denies Paragraph 18 for lack of sufficient information or knowledge to justify a belief about the truth of the allegations of fact made therein;

Denies Paragraphs 19 and 20;

Denies Paragraph 21; the loan agreement is governed by German law and Pacific Sky contests that Nassau Maritime has a right to enforce the loan agreement under German law;

States that Paragraph 22 does not state allegations of fact for which an answer is required; however, if an answer is required, Pacific Sky denies that Nassau Maritime has valid maritime claims against the Vessel;

Denies Paragraph 23 for lack of sufficient information or knowledge to justify a belief about the truth of the allegations of fact made therein;

Reiterates its responses to the foregoing Paragraphs in response to Paragraph 24, as if set forth fully herein;

Denies Paragraphs 25-29;

States that Paragraph 30 does not state allegations of fact for which an answer is required;

Reiterates its responses to the foregoing Paragraphs in response to Paragraph 31, as if set forth fully herein;

Denies Paragraphs 32-34 and

Denies Nassau Maritime's prayer for relief.

### Third Defense

The loan agreement is governed by German law, and Nassau Maritime does not have a right to enforce the loan agreement under German law. Pacific Sky specifically invokes all defenses available to it under German law.

### Fourth Defense

The mortgage is governed by Marshall Islands law and Pacific Sky specifically invokes all defenses available to it under that law.

### Fifth Defense

Pacific Sky maintains that any recovery by Nassau Maritime, which is denied, should be reduced and/or offset by the amounts it has received for any loan payments from defendants or any other source.

### Sixth Defense

Any debt owed by Pacific Sky under the loan agreement and/or mortgage, which is denied, is not owed to Nassau Maritime.

### Seventh Defense

Pacific Sky contends that Nassau Maritime failed to mitigate its alleged damages and Nassau Maritime is placed on the full proof of the fairness and reasonableness of the steps, if any, taken to minimize its alleged damages.

## **Eighth Defense**

Pacific Sky maintains that all conditions precedent of any alleged agreement or contract between it and Nassau Maritime have not been properly performed or fully satisfied by Nassau Maritime, thereby barring or reducing any sums allegedly due to Nassau Maritime.

**WHEREFORE,** considering the foregoing, Pacific Sky Navigation Ltd., as owner and claimant of the M/T PACIFIC SKY, *in rem*, prays:

1. That this Answer to Nassau Maritime's Verified Complaint be deemed good and sufficient;

2. That Nassau Maritime's Verified Complaint be dismissed, at its cost, and that there by judgment in favor of the M/T PACIFIC SKY, *in rem*; and

**3.** For all other such relief that justice and the nature of the case will allow.

> Respectfully Submitted,
>
> MURPHY, ROGERS, SLOSS,
>   GAMBEL & TOMPKINS
>
> */s/ Peter B. Sloss*
> _____
> Peter B. Sloss (#17142)
> psloss@mrsnola.com
> Donald R. Wing (#29486)
> dwing@mrsnola.com
> 701 Poydras St., Suite 400
> New Orleans, LA 70139
> Phone: 504.523.0400
> Fax:  504.523.5574
> ***Attorneys for Pacific Sky Navigation Ltd., as owner and claimant of the M/T PACIFIC SKY, in rem***

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been forwarded to all counsel of record by electronic filing this 24 April 2020.

*/s/ Peter B. Sloss*

_____

950/5915

4853-2973-7659, v. 1